Jad T. Davis (SBN 219947)
Thomas V. Wynsma (SBN 293713)
SHOOK, HARDY & BACON L.L.P.
5 Park Plaza, Suite 1600
Irvine, California 92614
Telephone: 949-475-1500
Facsimile: 949-475-0016
jtdavis@shb.com

Attorneys for Plaintiff
ANDORRA APTS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDORRA APTS, LLC, a California limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FABRICURE COACHELLA VALLEY, LLC, a California limited liability company, and DOES 1-10, inclusive<br><br>　　　　　Defendants. | Case No. 5:22-cv-1512<br><br>**COMPLAINT FOR DAMAGES AND OTHER RELIEF:**<br>　(1) **COST RECOVERY UNDER CERCLA, 42 U.S.C. § 9607(a);**<br>　(2) **CONTRIBUTION UNDER CERCLA, 42 U.S.C. § 9613(f);**<br>　(3) **DECLARATORY RELIEF UNDER CERCLA, 42 U.S.C. § 9613(g)(2);**<br>　(4) **STRICT LIABILITY UNDER RCRA, 42 U.S.C. § 6972;**<br>　(5) **RESPONSE COSTS UNDER THE HAZARDOUS SUBSTANCE ACCOUNT ACT**<br>　(6) **EQUITABLE COMPARABLE INDEMNITY**<br>　(7) **TOTAL EQUITABLE INDEMNITY**<br>　(8) **PRIVATE NUISANCE**<br>　(9) **TRESPASS**<br>　(10) **NEGLIGENCE**<br>　(11) **DECLARATORY RELIEF**<br><br>**AND DEMAND FOR JURY TRIAL** |

Plaintiff ANDORRA APTS, LLC, by and through its undersigned attorneys, files this Complaint and alleges as follows:

### PARTIES AND INTRODUCTORY ALLEGATIONS

1.　　Plaintiff ANDORRA APTS, LLC (Andorra) is, and was at all relevant

times, a California limited liability company that owns the real property located at 81720 Avenue 46, Indio, California 92201 (Andorra Property).

2.      Andorra is informed and believes that Defendant FABRICURE COACHELLA VALLEY, LLC (Defendant Fabricure) is a California limited liability company that owns real property located at 81778 Avenue 46, Indio, California 92201 (Fabricure Property).

3.      Allegations made in this Complaint are based upon information and belief, except those allegations that pertain to Andorra, which are based on personal knowledge.  The allegations of this Complaint stated on information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

4.      The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 100, inclusive, are unknown to Andorra who therefore sues said DOE Defendants by such fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein alleged, and Andorra's damages as alleged herein were proximately caused by such DOE Defendants.  Andorra will ask leave of Court to amend this Complaint and insert the true names and capacities of said DOE Defendants when the same have been ascertained.

5.      Defendant Fabricure and DOE Defendants are collectively referred to as Defendants.

6.      At all times material herein, each Defendant was the agent, servant and employee of certain remaining Defendants, acting within the purpose, scope and course of said agency, service and employment, with the express and/or implied knowledge, permission and consent of those remaining Defendants, and each of them, and each of said Defendants ratified and approved the acts of the other Defendants.

PLAINTIFF'S COMPLAINT & DEMAND FOR JURY TRIAL

## JURISDICTION AND VENUE

7.    The Court has jurisdiction over this civil action under Title 28 U.S.C. section 1331 and Title 42 U.S.C. sections 9607 and 9613(b).   The Court has supplemental jurisdiction over state law claims under Title 28 U.S.C. section 1367 because the federal and state claims arise from a common nucleus of operative facts.

8.    Venue is proper in this District under Title 28 U.S.C. section 1391(b) and Title 42 U.S.C. section 9613(b) because the alleged releases and/or threatened releases occurred in this district.

## GENERAL ALLEGATIONS

9.    The property at issue in the lawsuit is a 186 unit residential apartment complex located at the Andorra Property, which is owned by Plaintiff Andorra.

10.    Andorra is informed and believes that Defendants are the owner of the Fabricure Property.  The Fabricure Property is located adjacent and to the south of the Andorra Property.

11.    Andorra is informed and believes that the Fabricure Property is, and has been, occupied by a dry cleaning and commercial laundry facility, wherein tetrachloroethylene (PCE) was used, from about 1975 to the present.

12.    On March 27, 2019, a Phase I Environmental Site Assessment Report for the Andorra Property identified a Recognized Environmental Condition (REC) due to the various dry cleaning facilities that have operated at the Fabricure Property from 1975 to present.  The Phase I Report states that Marshall's Cleaners and Laundry operated a dry cleaning business at the Fabricure Property from at least 1983 to the present.  The Phase I Report also states that South Coast Air Quality Management District (SCAQMD) records indicate that in 1983 Marshall's Cleaners and Laundry utilized a "synthetic solvent" PERMAC brand dry cleaning system at the Fabricure Property.  In 1988, the SCAQMD issued permits for two Lindus brand dry cleaning machines which, on information and belief, Andorra alleges use PCE.  The Phase I

Report opines that dry cleaning operations typically use chlorinated solvents, particularly PCE, during the dry cleaning process. These solvents, even when properly stored and handled, can readily migrate into the subsurface as a result of small releases associated with on-site operations. The Phase I Report also opines that, based on the number of years of operation (from at last 1975 to the present), time period of operations (which included operation during a time that pre-dates regulatory oversight of hazardous substances and petroleum products), utilization of PCE and the cleaner's proximity to the Andorra Property, the potential exists that, if a release of chlorinated solvents occurred at the Fabricure Property, the subsurface of the Andorra Property may have also been impacted. The Phase I Report recommends further investigation to assess whether a vapor phase migration concern exists at the Andorra Property. The Phase I Report does not state or opine that any hazardous substances were released or disposed of during any operations at the Andorra Property.

13. On May 8, 2019, a Phase II Subsurface Investigation Report was prepared following a limited subsurface soil and soil vapor investigation that was performed at the Andorra Property. All three soil vapor samples detected PCE exceeding the laboratory reporting limits and residential soil gas screening levels. PCE was detected in soil gas ranging from 1,390 micrograms per cubic meter (ug/m3) to 2,890 ug/m3. The Phase II report concludes that based on the PCE concentrations in soil gas above residential screening levels and the current residential nature of the Andorra Property, the PCE released at Defendants' Fabricure Property has impacted the Andorra Property at concentrations which may represent a vapor intrusion concern for the on-site residential occupants.

14. Andorra is informed and believes that PCE was never used, released, or disposed of at the Andorra Property.

15. Yet, PCE was detected in sampling work performed at the Andorra Property.

16.     As a proximate result of Defendants' disposal, releases, and threatened releases of hazardous substances, including PCE, Andorra has suffered damages and will incur response and corrective action costs that are necessary and consistent with the National Oil and Hazardous Substances Pollution Contingency Plan (National Contingency Plan or NCP), including attorneys' fees and expert fees, for which Defendants are strictly liable pursuant to California Health and Safety Code section 25363.

17.     The value of the Andorra Property, and Andorra's ability to lease units, and Andorra's ability to obtain competitive financing for the Andorra Property have diminished as the result of the contamination released on Defendants' Fabricure Property and which have migrated onto the Andorra Property.

18.     Defendants have done nothing to investigate, remediate or abate the PCE disposed of at the Fabricure Property and allowed the PCE to migrate and damage the Andorra Property.  Defendants' failure to timely investigate and remediate the PCE contamination has damaged Andorra.

19.     Andorra continues to incur costs associated with the PCE contamination from Defendants' Fabricure Property.  The full extent of these future costs are currently unknown.

## **FIRST CAUSE OF ACTION**

**(For Response Costs Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a))**

20.     Andorra re-alleges the allegations set forth in paragraphs 1 through 16 above, and hereby incorporates each of them as though they were set forth in full.

21.     Section 107(a) of CERCLA, Title 42 U.S.C. section 9607(a), provides that the owner and/or operator of a facility, any person who arranged for disposal or treatment of hazardous substances to a facility, or any person who accepted any hazardous substances for transport to disposal or treatment facilities, from which there

is a release, or a threatened release which causes the incurrence of response costs, shall be liable for any necessary costs of response incurred by any person consistent with the National Oil and Hazardous Substances Pollution Contingency Plan (NCP), 40 C.F.C. Part 300.

22.    The Fabricure Property is a "facility" within the meaning of section 101(9) of CERCLA, Title 42 U.S.C. section 9601(9).  The hazardous substances that have been released from the Fabricure Property have migrated to and contaminated the Andorra Property.

23.    Defendants are a "person" within the meaning of section 101(21) of CERCLA, Title 42 U.S.C. section 9601(21).

24.    Fabricure was the owner and/or operator of the Fabricure Property at the time of disposal of hazardous substances at and from the Fabricure Property under section 107(a)(2) of CERCLA, Title 42 U.S.C. section 9607(a)(2), which migrated to and contaminated the Andorra Property.

25.    PCE, and other chemicals that were released and/or threatened to be released at the Fabricure Property are "hazardous substances" as defined in section 101(14) of CERCLA, Title 42 U.S.C. section 9601(14).

26.    There has been a release and/or threatened release of hazardous substances from the Fabricure Property into the environment, within the meaning of sections 101(8) and 101(22) of CERCLA, Title 42 U.S.C. sections 9601 (8) and 9601(22).

27.    Plaintiff Andorra is a person for the purposes of recovery of response costs under section 107(a) of CERCLA, Title 42 U.S.C. section 9607(a).

28.    Plaintiff Andorra has incurred response costs consistent with the NCP, 40 C.F.R. Part 300, as the result of the releases and/or threatened releases of hazardous substances at the Fabricure Property within the meaning of section 101(25) of CERCLA, Title 42 U.S.C. section 9601(25).

29.     Defendants are jointly and severally liable, without regard to fault, pursuant to section 107(a) of CERCLA, Title 42 U.S.C. section 9607(a), for Plaintiff's response costs incurred as a result of the releases and/or threatened releases of hazardous substances at the Fabricure Property which have migrated to and contaminated the Andorra Property.

30.     Pursuant to section 107(a) of CERCLA, Defendants are also liable for interest accrued on Plaintiff's response costs.

## SECOND CAUSE OF ACTION

### (For Contribution Pursuant to Section 113(f) of CERCLA, 42 U.S.C. § 9613(f))

31.     Andorra re-alleges the allegations set forth in paragraphs 1 through 27 above, and hereby incorporates each of them as though they were set forth in full.

32.     Section 113(f) of CERCLA, Title 42 U.S.C. section 9613(f), provides that any person may seek contribution from any other person who is liable or potentially liable under section 107(a), during or following any civil action under section 106 or under section 107(a). Such claims shall be brought in accordance with this section and the Federal Rules of Civil Procedure, and shall be governed by Federal law. In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate. Nothing in this subsection shall diminish the right of any person to bring an action for contribution in the absence of a civil action under section 106 or section 107.

33.     The Andorra Property and Fabricure Property are a "facility" within the meaning of section 101(9) of CERCLA, Title 42 U.S.C. section 9601(9).

34.     Defendants are a "person" within the meaning of section 101(21) of CERCLA, Title 42 U.S.C. section 9601(21).

35.     Defendants were the owner and/or operator of the Fabricure Property at the time of disposal of hazardous substances at and from the Fabricure Property under

section 107(a)(2) of CERCLA, Title 42 U.S.C. section 9607(a)(2), which migrated to and contaminated the Andorra Property.

36.    If Andorra is found liable for the release and/or threatened release of hazardous substances, which liability Andorra denies, Andorra contends that its liability should be limited to Andorra's equitable share of the response costs. If any liability assessed to Andorra is joint and several, pursuant to CERCLA Section 113(f)(1), Title 42 U.S.C. section 9613(f)(1), Andorra is entitled to contribution from Defendants for their equitable shares of the response costs, including Defendants' equitable share of any orphan share of the response costs.

37.    While denying liability, in the event Andorra is found liable for response costs, Andorra demands contribution against Defendants pursuant to Section 113(f) of CERCLA, Title 42 U.S.C. section 9613(f).

## THIRD CAUSE OF ACTION

**(For Declaratory Relief Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2))**

38.    Andorra re-alleges the allegations set forth in paragraphs 1 through 34 above, and hereby incorporates each of them as though they were set forth in full.

39.    Under section 113(g)(2) of CERCLA, Title 42 U.S.C. section 9613(g)(2), Andorra is entitled to a declaratory judgment that Defendants are jointly and severally liable to Andorra for any response costs Andorra has incurred and for any further response costs Andorra incurs in the future as a result of any release and/or threatened release of hazardous substances at the Fabricure Property.

## FOURTH CAUSE OF ACTION

**(For Relief Pursuant to 42 U.S.C. § 6972(a)(1)(B))**

40.    Andorra re-alleges the allegations set forth in paragraphs 1 through 36 above, and hereby incorporates each of them as though they were set forth in full.

41.    Pursuant to the notification requirements set forth in section 7002 of the

Solid Waste Disposal Act, as amended by the Resource Conservation Recovery Act of 1976 (RCRA), Title 42 U.S.C. section 6972(b)(2)(A), Andorra has undertaken to notify Defendants of its intention to file this lawsuit. This notice dated May 22, 2022 and copies of the United States Postal Service return receipts for Defendants that returned their return receipt has been collected and retained to demonstrate Defendants have received notice of Andorra's intention to file this lawsuit.

42. As more fully set forth herein above, Defendants were an operator and/or owner of the Fabricure Property at the time of sudden and accidental releases and/or disposals of hazardous substances found at the Andorra Property, which constitute hazardous waste as that term is defined by RCRA, Title 42 U.S.C. section 6903(5)(A)(B) and the duly promulgated regulations contained in 40 C.F.R. 261 et seq.

43. The releases and/or disposals of hazardous wastes at the Fabricure Property have caused an imminent and/or substantial endangerment to health or the environment by creating a health risk to tenants at the Andorra Property, persons at the Andorra Property, neighboring properties, and/or shallow groundwater in the area. Furthermore, the vertical and horizontal migration of the hazardous wastes released at the Fabricure Property, and have not been remedied by Defendants, potentially endangers the drinking water supplies of a large number of the general public. This endangerment is evidenced by the fact that the hazardous substances and hazardous wastes present at the Fabricure Property have migrated off-site to the Andorra Property. Hazardous vapors are also seeping from the subsurface into the air space within the structures on the Andorra Property causing imminent and substantial impacts to the ambient air at concentrations in ways potentially harmful to human health. Defendants' failure and/or refusal to take corrective action while the hazardous substances and hazardous wastes continue to spread puts the public at risk.

44. As a matter of law, Andorra is entitled to prosecute and maintain this

lawsuit, to obtain injunctive relief compelling Defendants' remediation, directing Defendants to: take action to address the endangerment which exists; participate in the hazardous substance and hazardous waste site investigation and clean up; pay the costs and expenses incurred by Andorra in connection with the Andorra Property to date; obtain payment for environmental consulting costs for site assessment to date; and, obtain payment of attorneys' fees pursuant to Title 42 U.S.C. section 6972(a)(1)(B).

45.    As a matter of law, Defendants are strictly liable for all costs and expenses resulting from the releases or discharges of the hazardous wastes at the Fabricure Property.  Andorra is entitled to prosecute this claim as a Private Attorney General.  As a result, Defendants are jointly and severally liable for conducting all necessary site assessment and/or remediation of releases or disposals of the hazardous substances and hazardous wastes at the Fabricure Property and the Andorra Property.

46.    The regulated hazardous substances and hazardous wastes described above have actually seeped into the soils, soil vapor, and/or ground water at the Fabricure Property and caused damage to the Andorra Property. The hazardous substances and hazardous wastes released by Defendants' daily cause ongoing direct and actual harm to the Andorra Property for which remedial and preventative measures must be taken.  As a direct and proximate result of the releases and disposals of hazardous substances and hazardous wastes at the Fabricure Property, and Defendants' failure to timely investigate and remediate those disposals, Andorra has been damaged and caused to incur environmental agency oversight costs in a sum not yet fully ascertained, and to be proved at the time of trial.  Based on the foregoing, Andorra is entitled to and, hereby demands reimbursement from Defendants for all of the costs necessary to respond to the releases or disposals of hazardous substances and hazardous wastes at the Fabricure Property, which have injured and continue to injure the Andorra Property; Private Attorney General attorneys' fees; and, injunctive relief

PLAINTIFF'S COMPLAINT & DEMAND FOR JURY TRIAL

compelling their implementation of remedial action.

## FIFTH CAUSE OF ACTION

**(For Response Costs, Reimbursement, Indemnity and Contribution Under California Superfund – Health & Safety Code Section 25363 *et seq*.)**

47.    Andorra re-alleges the allegations set forth in paragraphs 1 through 43 above, and hereby incorporates each of them as though they were set forth in full.

48.    Section 25323.5(a) of the California Health and Safety Code defines a person who is liable under the Carpenter-Presley-Tanner Hazardous Substance Account Act (California Superfund).  Defendants are the current owner of a facility which has released/disposed and is releasing hazardous substances as alleged herein and are "responsible parties" under California Superfund and are liable to Andorra for response costs.

49.    The PCE, and other chemicals that were disposed of in the soil and soil vapor at Defendants' Fabricure Property are specifically listed as a "hazardous substances" within the meaning of California Health and Safety Code section 25316.

50.    As a proximate result of the disposals, releases and continuing discharges of hazardous substances into the environment on Defendants' Fabricure Property, including into the soil and soil vapor, Andorra has been forced to incur significant attorneys' fees to enforce Andorra's rights and will incur necessary response costs, including costs to investigate and assess such hazardous substance and contamination. Defendants as the owner of the Fabricure Property, the source of the PCE contamination at issue, pursuant to California Health & Safety Code section 25363, is strictly liable for any and all costs to assess and investigate, and abate, including all reasonable attorneys' fees and costs as well as all consulting fees incurred in connection with the contamination, which has migrated and continues to migrate from Defendants' Fabricure Property, and including all costs Andorra has incurred and/or will incur in the future to assess, investigate, monitor, treat, remove and/or remediate

1  this contamination.

2      51.    Andorra has provided notice of commencement of this action to the

3  Director of Toxic Substances Control pursuant to California Health and Safety Code

4  section 25363(d).

5      52.    Andorra has already spent a substantial amount of money in attorneys'

6  fees and costs to date to investigate all releases of hazardous substances and

7  contamination from the Fabricure Property.

8      53.    Andorra will incur response costs in accordance with the California

9  Health and Safety Code section 25300 *et seq.*, due to the disposal, releases and

10 threatened releases of hazardous substances and the contamination released and

11 disposed of at Defendants' Fabricure Property and which as migrated onto the

12 Andorra Property.

13     54.    California Health and Safety Code section 25363 provides that any

14 person who has incurred removal or remedial action costs may seek contribution or

15 indemnity from any responsible party.   Andorra hereby seeks the recovery,

16 reimbursement, indemnity and contribution from Defendants, for any and all past,

17 present and/or future response costs incurred in connection with the Andorra Property,

18 together with interest thereon, with Defendants being strictly liable to Andorra for the

19 same pursuant to California Health & Safety Code section 25363, and all provisions

20 related thereto, including but not limited to all costs incurred and/or to be incurred to

21 assess, investigate, monitor, treat, remove and/or remediate any hazardous substances

22 and/or contamination from the Andorra Property.   Andorra is entitled to declaratory

23 relief with respect to Defendants' liability for Andorra's future costs, as described

24 below.

25                    **SIXTH CAUSE OF ACTION**

26          (**Equitable Comparative Indemnity; Apportionment of Fault**)

27     55.    Andorra re-alleges the allegations set forth in paragraphs 1 through 51

28

above, and hereby incorporates each of them as though they were set forth in full.

56.    The Complaint alleges, among other things, conduct by Defendants that entitle Andorra to damages against Defendants.

57.    Andorra contends that it is not liable for the events and occurrences giving rise to the claims described in the Complaint.

58.    Upon information and belief, Defendants are responsible, in whole or in part, for the injuries suffered by Andorra.

59.    If Andorra is found to be responsible for any of its damages, then Defendants should be required to pay a share of Andorra's damages that is in proportion to the comparative fault of that Defendants in causing Andorra's damages.

60.    As a direct and proximate result of the above, Andorra has been damaged by reason of all response costs and other costs incurred or to be incurred to assess, investigate, monitor, remove, treat, remediate and abate such hazardous substances on the Andorra Property, including all reasonable attorneys' fees and costs as well as all consulting fees incurred in connection with the contamination which has migrated and continues to migrate at/from Defendants' Fabricure Property, and including all costs Andorra has incurred and/or will incur in the future to assess, investigate, monitor, treat, remove and/or remediate the contamination, in a sum not currently known. When the true amount of damages has been ascertained, Andorra will request leave of Court to amend this Complaint to insert the updated amount of damages.

## SEVENTH CAUSE OF ACTION

### (Total Equitable Indemnity)

61.    Andorra re-alleges the allegations set forth in paragraphs 1 through 57 above, and hereby incorporates each of them as though they were set forth in full.

62.    If Andorra is found in some manner responsible as a result of the incidents and occurrences described in this Complaint, then any liability would be based solely upon a derivative form of liability resulting not from Andorra's conduct,

but only from an obligation imposed upon Andorra by law; therefore, Andorra would be entitled to complete indemnity from Defendants.

## EIGHTH CAUSE OF ACTION

### (For Private Nuisance)

63.    Andorra re-alleges the allegations set forth in paragraphs 1 through 59 above, and hereby incorporates each of them as though they were set forth in full.

64.    The unauthorized disposal and release of hazardous substances and contamination and other waste materials at Defendants' Fabricure Property, which has migrated onto the Andorra Property that resulted in a condition which is offensive to the senses, and which is an obstruction to the free use of the Andorra Property, and an interference with Andorra's comfortable use and enjoyment of the Andorra Property.

65.    As a result of the actions, inactions and omissions of Defendants, a continuing and/or permanent nuisance exists and continues to exist resulting in damage to Andorra on a daily basis, with each release and/or threatened release of hazardous substances and each migration of the same, from the surface into the soil and soil vapor, giving rise to a new cause of action.  Alternatively, to the extent the injuries and damages cannot be abated, the nuisance is permanent with permanent damages and injuries to Andorra.

66.    The nuisance is specifically injurious to Andorra in that the damages and injuries resulting therefrom are different in type and effect from any damages or injuries that may have resulted to the entire community or neighborhood, in light of Andorra's ownership interest in the Andorra Property and in light of Andorra's desired use of the Andorra Property.

67.    As a result of the action, inactions and omissions of Defendants, Andorra has suffered and will continue to suffer general, compensatory and consequential damages, inclusive of but not limited to any and all amounts incurred and to be incurred for the investigation, assessment, monitoring, treatment, removal and/or

PLAINTIFF'S COMPLAINT & DEMAND FOR JURY TRIAL

remediation of hazardous substances, contamination and wastes on the Andorra Property, the diminution in value of the Andorra Property, the current limited use of the Andorra Property, and loss of income from the intended use of the Andorra Property, all in amounts not yet fully ascertained, but which will be more specifically shown in accordance with proof at the time of trial.

68.    Andorra has requested and continues to seek to have Defendants herein abate and enjoin the nuisance, but Defendants have failed and refused to do the same and the nuisance continues to exist. The failure of Defendants to timely mitigate, through assessment, investigation, monitoring, treatment, removal and remediation, the hazardous substances, waste and contamination from the Andorra Property, will further increase the damages and injuries Andorra has and will continue to incur.

69.    Andorra prays that a mandatory and/or prohibitory injunction be issued requiring Defendants to enjoin and abate said nuisance and/or to perform any and all actions necessary to assess, investigate, remove, remediate, monitor, treat, or cleanup the hazardous substances, wastes and contamination from Defendants' Fabricure Property, specifically the contamination that has migrated onto the Andorra Property.

## NINTH CAUSE OF ACTION

### (Trespass)

70.    Andorra re-alleges the allegations set forth in paragraphs 1 through 66 above, and hereby incorporates each of them as though they were set forth in full.

71.    Andorra is the owner of the Andorra Property.

72.    Andorra is informed and believes that Defendants are the owners of the Fabricure Property.

73.    The hazardous substances, wastes and contamination existing in the soil and soil vapor at the Andorra Property and the continued migration of the hazardous substances from Defendants' Fabricure Property constitutes a continuing and/or permanent trespass on the Andorra Property caused by the actions, inactions and

omissions of Defendants, whereby Defendants have acted negligently, intentionally and tortiously in causing such trespass and have acted negligently, intentionally and tortiously in failing to abate and enjoin such trespass and in failing to investigate, assess, monitor, treat, remove and/or remediate such hazardous substances, wastes and contamination.

74.     As a result of the actions and inactions of Defendants, a continuing trespass exists and continues to exist resulting in damage to Andorra on a daily basis with each release and/or threatened release of any hazardous substance, waste or contamination and each migration of the same from the surface into the soil and soil vapor, giving rise to a new cause of action.  Alternatively, to the extent any damages and/or injuries cannot be abated, the trespass is permanent, with permanent damages and injuries to Andorra.

75.     As a result of the actions and inactions of the Defendants, Andorra has suffered and will continue to suffer general, compensatory and consequential damages inclusive of but not limited to any and all amounts incurred or to be incurred from the investigation, assessment, monitoring, removal and/or remediation of hazardous substances, wastes and/or contamination, the diminution in value of the Andorra Property, the current limited use of the Andorra Property, and loss of income from the intended use of the Andorra Property, and all other amounts to be determined in Court with proof at trial, all of which have not yet been fully ascertained but which will more specifically be shown in accordance with proof at the time of trial.

76.     Andorra has requested and continues to request to have Defendants abate and enjoin the alleged trespass, but Defendants have failed and refused to do so and the trespass continues to exist. Andorra requests a mandatory and/or prohibiting injunction be issued requiring Defendants to enjoin and abate the alleged trespass and/or to perform any and all assessment, monitoring, investigation, removal, remediation, treatment, cleanup or otherwise to accomplish the same.

## **TENTH CAUSE OF ACTION**

### **(Negligence)**

77.    Andorra re-alleges the allegations set forth in paragraphs 1 through 73 above, and hereby incorporates each of them as though they were set forth in full.

78.    Defendants had a duty to use due care in the handling, control, disposal, release, remediation, prevention of migration of hazardous substances due to the operation of the dry cleaning operations at Defendants' Fabricure Property.

79.    Defendants negligently, carelessly, and recklessly failed to control the migration of hazardous substances in the soil and soil vapor from migrating off the Fabricure Property and onto the Andorra Property, resulting in the damages alleged in this Complaint.  This migration is ongoing and uncontrolled.

80.    Defendants, among other things, negligently, carelessly, and recklessly failed to: (1) prevent and control the migration of hazardous substances released at Defendants' Fabricure Property; (2) install and maintain systems to prevent the migration of hazardous substances released at Defendants' Fabricure Property; (3) monitor and discover the migration of hazardous substances released at Defendants' Fabricure Property; (4) warn those who may be injured as a result of the migration of hazardous substances released at Defendants' Fabricure Property; and (5) clean up, contain and abate spills, leaks, discharges and releases to prevent harm and injury to Andorra and the environment.

81.    Defendants knew, or should have known, that the dry cleaning operations at Defendants' Fabricure Property would cause the spill, leak, discharge, release and migration of hazardous substances in the soil and soil vapor to migrate onto the Andorra Property.

82.    As a result of the negligent and reckless actions, inactions and omissions of Defendants, Andorra has suffered and will continue to suffer general, compensatory and consequential damages, including but not limited to amounts incurred or to be

incurred by Andorra for the assessment, monitoring, investigation, removal and/or remediation of hazardous substances, wastes and contamination at the Andorra Property as well as resulting from the diminution in the value of the Andorra Property, lost and decreased revenue, and limited use of the Andorra Property, and other amounts that have not been fully ascertained at this time, but all of which will be more specifically shown in accordance with proof at the time of trial.

## ELEVENTH CAUSE OF ACTION

### (Declaratory Relief)

83.    Andorra re-alleges the allegations set forth in paragraphs 1 through 79 above, and hereby incorporates each of them as though they were set forth in full.

84.    An actual controversy exists between Andorra and Defendants in that Andorra contends and Defendants deny Andorra's allegations with respect to its damages and injury, that Defendants have the responsibility for such costs and damages that have been or will be incurred for activities performed and/or to be performed in the repair, investigation, assessment, monitoring, treatment, removal, remediation and cleanup of any hazardous substances, wastes or contamination at Defendants' Fabricure Property and contamination that migrated onto the Andorra Property, and for the diminution in the market value of the Andorra Property and the loss of rent, and current limited use of the Andorra Property, and for such other damages in amounts that Andorra will continue to incur.

85.    Andorra requests that a judicial determination and declaration setting forth the parties' rights and obligations as necessary and appropriate in order to avoid a multiplicity of actions and in order for the respective parties herein to ascertain their rights and duties with respect to Andorra's claims herein, and each of them.

## PRAYER

WHEREFORE, Andorra requests judgment against Defendants for:

1.    For declaratory judgment that:

a.    Defendants are liable to Andorra under applicable statutes, regulations, or principles of common law.

(i)    for any and all past, present and/or future response costs incurred or to be incurred by Andorra in connection with the disposal, release or threatened release of hazardous substances, wastes and contamination on the Andorra Property, together with interest thereon, with Defendants, including but not limited to all costs incurred and/or to be incurred to assess, investigate, treat, monitor, remove and/or remediate any hazardous substances and/or contamination from the Andorra Property.

(ii)    For any and all damages sustained by Andorra.

b.    Defendants are obligated to indemnify Andorra for all costs Andorra has incurred, and will incur, in connection with the contamination problems on the Andorra Property.

c.    Defendants are obligated, at their expense, to comply with all laws and requirements governing the disposal of hazardous substances to investigate, remediate, remove, and abate the nuisance, trespass and imminent and substantial danger on the Andorra Property.

d.    Andorra has been irreparably harmed by Defendants' breaches of its duties and obligations under the California Health & Safety Code and all applicable laws and regulations.

2.    For an Order requiring Defendants to take such action as may be necessary to abate any imminent and substantial endangerment and hazardous waste violations and to abate any nuisance or trespass caused by the disposal of hazardous substances/wastes on the Andorra Property.

3.    For the recovery of any and all past, present and/or future response costs incurred or to be incurred by Andorra in connection with the disposal of, release or threatened release of hazardous substances, wastes and contamination on the Andorra

Property, together with interest thereon, with Defendants being strictly liable to Andorra for the same pursuant to California Health & Safety Code section 25363, and all provisions related thereto, including but not limited to all costs incurred and/or to be incurred to assess, investigate, treat, monitor, remove and/or remediate any hazardous substances and/or contamination from the Andorra Property.

4.    For the recovery of any and all past, present and/or future response costs incurred or to be incurred by Andorra in connection with the disposal of, release or threatened release of hazardous substances, wastes and contamination on the Andorra Property, together with interest thereon, with Defendants being strictly liable to Andorra for the same pursuant to CERCLA, Title 42 U.S.C. sections 9607(a) and 9613(f), and all provisions related thereto, including but not limited to all costs incurred and/or to be incurred to assess, investigate, treat, monitor, remove and/or remediate any hazardous substances and/or contamination from the Andorra Property.

5.    Damages for the diminution in the market value of the Andorra Property and the loss of rent and current limited use of the Andorra Property.

6.    For the recovery of any and all past, present and/or future response costs incurred or to be incurred by Andorra in connection with cleaning and restoring the Andorra Property in a manner that would allow Andorra to utilize the property for a proper use and purpose given Defendants' failure to take reasonable steps to prevent the migration of hazardous substances from Defendants' Fabricure Property onto the Andorra Property.

7.    For general compensatory and consequential damages against Defendants in amounts to be shown in accordance with proof at the time of trial.

8.    For exemplary damages in an amount sufficient to punish Defendants and to deter Defendants from committing the same or similar acts.

9.    For interest at the legal rate.

10.    For civil penalties in accordance with proof at trial pursuant to California

1 | Health & Safety Code section 25359.7.

2 |    11.    For attorneys' fees, expert fees and costs, and litigation costs and fees

3 | permitted by applicable law.

4 |    12.    For such and other further relief as the Court may deem just and proper.

7 | Dated:  August 26, 2022                 SHOOK, HARDY & BACON L.L.P.

9 |                                        By: _____

10 |                                            Jad T. Davis
11 |                                            Thomas V. Wynsma
                                              Attorneys for Plaintiff ANDORRA APTS,
12 |                                            LLC

PLAINTIFF'S COMPLAINT & DEMAND FOR JURY TRIAL

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff ANDORRA APTS, LLC, by and through its undersigned attorneys,

3   hereby demands a trial by jury on all causes of action under which it is entitled to a

4   jury trial.

5

6   Dated:  August 26, 2022                SHOOK, HARDY & BACON L.L.P.

7

8                                          By: _____

9                                             Jad T. Davis
                                              Thomas V. Wynsma
10                                            Attorneys for Plaintiff ANDORRA APTS,
11                                            LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28