| | |
|---|---|
| 1 | Jad T. Davis (SBN 219947) |
| | jtdavis@shb.com |
| 2 | Thomas V. Wynsma (SBN 293713) |
| | twynsma@shb.com |
| 3 | Brandon S. Gilligan (SBN 340037)   JS-6 |
| | bgilligan@shb.com |
| 4 | SHOOK, HARDY & BACON L.L.P. |
| | 5 Park Plaza, Suite 1600 |
| 5 | Irvine, California 92614 |
| | Telephone:    949-475-1500 |
| 6 | Facsimile:    949-475-0016 |

Attorneys for Plaintiff
ANDORRA APTS, LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDORRA APTS, LLC, a California limited liability company, | Case No. 5:22−cv−01512 JFW-AFMx |
| Plaintiff, | **ORDER GRANTING STIPULATION REQUESTING ADMINISTRATIVE CLOSURE OF CASE AND VACATING OF ALL DATES** |
| v. | |
| FABRICURE COACHELLA VALLEY, LLC, a California limited liability company, | Judge: Honorable John F. Walter |
| Defendants. | Courtroom: 7A (First Street Courthouse) |
| AND RELATED COUNTERCLAIMS, CROSS-CLAIMS AND THIRD-PARTY CLAIMS | [Filed concurrently with Stipulation and Declaration of Brandon S. Gilligan] |
| | Date Filed: August 26, 2022 |
| | Current Trial Date: June 4, 2024 |

The Court has reviewed the Parties' Stipulation Requesting Administrative Closure Of Case and Vacating Of All Dates.

**FINDING GOOD CAUSE THEREFORE**, to vacate all dates, which were set pursuant to the Court's Order pertaining to the prior continuance requested and granted in this case (Doc #57) as follows:

(1)  Jury trial: June 4, 2024;

(2)  Hearing on Motions in Limine and Disputed Jury Instructions: May 24, 2024;

(3)  Pretrial Conference: May 10, 2024;

(4) Motion Cut-off: April 10, 2024;

(5) Discovery Cut-off: April 1, 2024;

(6) Mediation Cut-off: February 1, 2024;

**IT IS HEREBY ORDERED** that:

1. All dates in the case shall be vacated and the action shall be stayed while the parties continue to conduct settlement discussions and work collaboratively on practical alternative measures that will likely result in the resolution of this lawsuit.

2. The case shall be administratively closed, but not dismissed, until the parties advise, or any party advises, the Court that they are prepared to proceed. *See Dees v. Billy*, 394 F.3d 1290, 1294 (9th Cir. 2005) ("[T]he effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket; *i.e.*, administratively closed cases are not counted as active . . . . An order administratively closing a case is a docket management tool and has no jurisdictional effect.") (citation and quotation omitted).

3. Administrative closure of the case shall not be a final decision, judgment, order or proceeding, and shall have no legal consequence beyond removing the case from the Court's active docket and placing it in an inactive status.

4. Any party may file a motion or application with the Court requesting that the litigation stay be dissolved and the lawsuit be reopened and reinstated, at which time the Court may and should reopen the case and resume the litigation.

5. All statutes of limitations and other statutes, laws, rules or principles of equity or similar effect, applicable to any rights, claims, causes of action, counterclaims or defenses, arising from or relating to the subject of this litigation, which the parties could assert against each other, shall be tolled during administrative closures of the case.

Dated: January 3, 2024

By: _____
HONORABLE JOHN F. WALTER
United States District Judge